## NECESSARY ALLEGATIONS UNDER THE WORKMEN'S COMPENSATION ACT.

Common Pleas Court of Hamilton County.

WILLIAM H. CHAMBERLIN v. THE LUNKENHEIMER COMPANY.

Decided, April 13, 1913.

*Pleading—Action for Injuries to an Employee—Reference to the Workmen's Compensation Law Subject to Motion to Strike Out—Necessary Averments.*

In an action by an employee for injuries received in the course of his employment, it is only necessary that he state such facts as will bring his case within the rule of law governing an employer who has more than five men in his employ, or the rule applying to one who employs five men or less than five men; and where the workmen's compensation act is pleaded, a motion lies on the part of the defendant to strike out all reference thereto.

*Robertson & Buchwalter,* for motion.
*Jones & Hoover,* contra.

NIPPERT, J.

The defendant company, by its motion, seeks to strike out from the petition all reference relating to the so-called work-

men's compensation act, which the plaintiff has pleaded in the sixth paragraph of his petition, as follows:

"The defendant has now, and has had employed since January 1, 1912, more than five workmen or operatives, regularly in the same business; that said defendant has not availed itself of the provisions of the employes compensation act, nor has it paid into the insurance fund the premiums provided by this act passed by the General Assembly of the state of Ohio, May 31, 1911, as contained in Volume 102 of the Ohio Laws, page 524, nor taken any steps to protect itself thereunder but has totally ignored and refused to accept the protection of said act."

There is no question in the mind of the court that the objection to this part of plaintiff's petition is well taken for two reasons: first, it anticipates a possible defense of the defendant company, depriving it thereby of its right to set up its defense in its own way; and, second, it is an attempt to lead the jury to believe that there has been a violation of the law by defendant company, when in fact there has been none at all.

The workmen's compensation act is elective pure and simple. In Section 20-1 of the act, it specifies the duties of those employers who elect to pay into the fund, while Section 21-1 sets out the limitations of liability denied to those employers who fail to take advantage of said act. This act further creates and subdivides the employers of Ohio into two distinct classes (1) those who employ five or more workmen in the same business, and (2) those who do not so employ five men. Those who employ five men or more may elect or not to accept the benefits of this act. If they do so elect to pay into the fund they are relieved of liability to respond in damages to their employees, but, if they do not so elect they are deprived of their common law defenses as set out in Section 21-1.

Thus it will be seen that there is a different set of rules to the employer of five or more men than to the employer of less than five men, and as this statute is a general act, the court will take judicial notice of same and it is not necessary to plead such statute as a part of plaintiff's right of action.

All that is necessary, therefore, to plead is for the plaintiff to state such facts as will bring his cause within one or the other

of the rules of law governing the class to which the employer belongs.

In the case at bar, the plaintiff may state in his petition that the defendant employs five or more workmen. This clearly fixes the class to which the defendant belongs and apprises the court which set of rules of law are applicable to the case.

The motion to strike out will therefore be sustained as to the sixth paragraph of the petition saving and excepting the first part of same which relates to the number of workmen employed, and plaintiff given ten days time to plead.